IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-115-BO

| | |
|---|---|
| ROBERT LOUIS NIXON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 27 & 31]. A hearing on this matter was held in Elizabeth City, North Carolina on April 25, 2013. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Administrative Law Judge is REVERSED.

## BACKGROUND

Plaintiff protectively filed for disability insurance benefits and supplemental security income on March 3, 2009. The plaintiff has alleged a disability onset date of April 27, 2007. The plaintiff's application was denied initially and upon review. On September 28, 2010, a hearing was held before an Administrative Law Judge (ALJ). There was no vocational expert present at this hearing. On October 20, 2010, the ALJ issued a decision denying the plaintiff's requests for benefits. The plaintiff sought review of the ALJ's decision by the Appeals Council, but that request was denied on March 5, 2012 making the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

1

## MEDICAL HISTORY

The claimant was forty-five years-old at the time of his hearing before the ALJ. Mr. Nixon suffers from an enlarged heart, high blood pressure, back problems, shortness of breath, and dizziness. Additionally, Mr. Nixon's intellectual capacity is consistent with mild mental retardation. On January 28, 2010, Mr. Nixon underwent psychological testing with the following results: a full scale I.Q. of 70, a verbal comprehension I.Q. of 68, a perceptual reasoning score of 73, a working memory score of 77, and a processing speed score of 81. [Tr. 298]. Mr. Nixon's school records indicate that he took remedial classes in high school and that he repeated "Home Ec." [Tr. 336]. The claimant never had any education beyond high school and he has only engaged in unskilled or semi-skilled labor.

The plaintiff's bad back pain began after a bad fall at work. This pain and associated back spasm interfered with the plaintiff's work, as he stated: "if I stand in one spot too long, my feeling go down in my leg are getting numb." [Tr. 41]. An investigation of the plaintiff's back and leg pain revealed severe canal stenosis in the lumbar spine. [Tr. 357]. In 2010, Dr. Melin recommended lumbar surgery. [Tr. 355]. After this surgery, the claimant appeared to be doing well, but his condition progressed and additional surgery was recommend in August, 2011. [Tr. 382-83]. Again, the plaintiff did well post-surgery, but by November, 2011 Dr. Melin opined that the plaintiff was "regressing" and "unable to return to work, and at this point I am unsure if he will be able to return to gainful employment." [Tr. 390-91].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g);

2

*Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred by concluding at step three that the claimant was not suffering from an impairment meeting the requirements of an impairment listed in the social security

3

regulations. The listing at issue – 12.05C – is evaluated under a three-part assessment. The claimant must have a valid verbal, performance, or full-scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function. 20 C.F.R., Part 404, Supt. P, Appendix 1 § 12.05C. Additionally, the claimant must have some deficits that manifested before age twenty-two. *Id.*

The Court finds Dr. Petty's evaluation of the claimant's I.Q. is valid and reliable. As such, the claimant clearly meets the first prong of the 12.05C listing. Regarding the second prong of the 12.05C listing the ALJ stated, "A full-scale IQ score of 70 is obviously inconsistent with a long history of semi-skilled work. Therefore the undersigned is obliged to conclude that the low IQ score cannot be a valid measurement of the claimant's true intellectual functioning." However, the claimant's work history is not dispositive on this issue. As this Court has noted in the past, Listing 12.05C presumes that some mentally retarded individuals will be able to work and, as such, a history of employment is irrelevant to whether the claimant subsequently became disabled due to the development of additional impairments or the worsening of existing ones. *See Shaw v. Astrue*, 2009 WL 2486932, *7 (E.D.N.C. 2009) (citation omitted). Here, the plaintiff has engaged in past work, but that work has generally been unskilled or semi-skilled labor that is consistent with the plaintiff's I.Q. score. Further, the evidence supports a finding that the claimant's physical limitations combined with his mental limitations result in a significant limitation on the plaintiff's ability to function in the workplace. Finally, it is evident that Mr. Nixon suffered from some adaptive function deficits prior to the age of twenty-two. His school performance, especially his repetition of home economics and his assignment to "basic English" in the twelfth grade, is consistent with his current IQ score. For these reasons, the Court finds that claimant meets Listing 12.05C and is entitled to benefits.

Additionally, the ALJ erred by failing to have a vocational expert testify at the plaintiff's hearing. In his decision the ALJ proceeded to step five of the disability determination framework. At this step, the burden shifts to the Commissioner to show that there are jobs, other than the claimant's past relevant work, that the claimant can perform and that those jobs exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). Typically a vocational expert is used to support a finding that these other jobs do exist. *Smith v. Califano*, 592 F.2d 1235, 1236 (4th Cir. 1979). Here, the ALJ failed to elicit the testimony of a vocational expert and simply relied on the Medical-Vocational Guidelines or "Grids." However, at the fifth step where "nonexertional limitations are present, recourse must be had to other evidence than the [grids] alone to conclude whether the claimant is capable of performing alternative work available in the national economy." *Roberts v. Schweiker*, 667 F.2d 1143, 1145 (4th Cir. 1981). The defendant does not contest that nonexertional limitations were present, but contests their severity. Because the plaintiff suffered from nonexertional limitations, the ALJ erred by failing to elicit the testimony of a vocational expert.

Finally, the ALJ erred by failing to consider the plaintiff's Medicaid ruling. Social Security Ruling 06-03p provides guidelines for the treatment of evidence that may be presented to the ALJ despite not being from an "acceptable medical source." Specifically, the ruling notes that "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." SSR 06-03p at *7. "[T]he adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases." *Id.* In *Alexander v. Astrue*, 2010 WL 4668312, *3 (E.D.N.C. 2010), Judge Flanagan found that it was reversible error for the ALJ to neglect to consider a Medicaid determination such as the one presented here. Likewise, in *Walton v. Astrue*,

5

2010 WL 2772498 (E.D.N.C. 2010), Judge Dever found that remand was appropriate where the ALJ "said nothing" about a NCDHHS decision. This Court agrees with the other courts in this District and finds that Social Security Ruling 06-03p requires the ALJ to consider the disability findings of companion agencies, like the NCDHHS. Because the hearing process places the ALJ in a remedial position, and not an adversarial one, he is under a heightened duty to investigate all the material evidence bearing on the claimant's condition. Where there is a coordinate, but not identical, investigation into the material circumstances of the plaintiff's health and disability, the ALJ should consider such evidence – it is plain error not to do so.

Here, ALJ Vogel failed entirely to consider the NCDHHS finding of disability. Counsel argues that this lack of consideration is justified either by the alleged "tentative" nature of the NCDHHS decision or the letter's inclusion of the following statement: "This decision in no way affects any pending or future claims for Social Security or Supplemental Security Income benefits." First, although the tentative nature of a Medicaid decision may influence the weight given to it by the ALJ, it does not support the ALJ's complete ignorance of it. Second, the Medicaid Notice of Decision is written in such a way as to prevent confusion among claimants. The statement regarding its lack of effect on social security decisions has no legal effect, but serves to prevent claimant's from believing that the notice resolves both their Medicaid and Social Security claims. In failing to consider the Medicaid finding, ALJ Vogel erred and failed to comply with Social Security Ruling 06-03p.

The ALJ erred by finding that the plaintiff did not meet Listing 12.05C, by failing to elicit the testimony of a vocational expert at the administrative hearing, and by failing to consider the Medicaid Notice of Decision. For these reasons, it is proper to grant the claimant's motion

6

Case 7:12-cv-00115-BO   Document 37   Filed 07/29/13   Page 6 of 7

for judgment on the pleadings and remand this matter to the Commissioner for an award of benefits.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v, Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits.

SO ORDERED.

This 28 day of July, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE