IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO.: 7:12-CV-00115-BO

| | |
|---|---|
| ROBERT LOUIS NIXON, JR.<br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | ORDER TO STAY PROCEEDINGS |

## ORDER

Section 406(b) (and section 1383(d)(2) with regard to Title XVI claims) of Title 42 governs motions for attorney's fees in Social Security disability cases, and provides in relevant part that "the court may determine and allow as part of its judgment a reasonable fee for [an attorney's] representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). At this time the specific amount of past-due benefits, if any, is unknown.

Rule 54 of the Federal Rules of Civil Procedure may apply to the filing of a request for attorney's fees pursuant to Sections 406(b) and 1383(d)(2). Because the amount of past-due benefits and attorney's fees is unknown at this time, the Court orders that if the plaintiff's attorney seeks attorney's fees under 42 U.S.C. § 406(b) or 1383(d)(2) in the future he must file a motion for approval of such fees no later than thirty (30) days after the date of the last Social

Security Award Notice sent to the plaintiff's counsel at the conclusion of the Agency's past-due benefit calculation.

So ORDERED this  11  day of  April , 2003.

*Terrence Boyle*