IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No.: 7:12-CV-115-BO

ROBERT LOUIS NIXON, JR., )
    Plaintiff, )
 )
v. )
 ) **ORDER**
CAROLYN W. COLVIN, )
*Acting Commissioner of Social Security*, )
    Defendant. )
_____ )

Plaintiff's counsel has moved for attorney's fees and costs pursuant to 42 U.S.C. § 406(b) [DE 45]. For the reasons stated herein, counsel's motion is GRANTED.

## DISCUSSION

Plaintiff's counsel seeks fees pursuant to 42 U.S.C. § 406(b). Section 406(b)(1) allows the Court to award a "reasonable fee" of up to twenty-five percent of the past-due benefits paid to the plaintiff. The government does not take a position on the matter, but has briefed the Court as an aid to its decision-making. This Court reviews the requested fee for reasonableness, and may reduce the fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002).

Plaintiff was awarded $73,059.40 in past due benefits on March 15, 2014. Plaintiff's counsel earlier petitioned for and was awarded $5,289 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Counsel also received an administrative fee of $982.56 regarding a claim for SSI benefits only. Twenty-five percent of the past due benefits, $18,259.25, has been withheld to pay counsel fees. Under the EAJA, an attorney may recover fees under both the EAJA and § 406(b), but must refund the smaller fee to the claimant. *Gisbrecht*, 589 U.S. at 796.

Here, plaintiff's counsel seeks an award of $11,987.69, or twenty-five percent of plaintiff's total past-due benefits minus the $5,289 and $982.56 already administratively awarded to counsel. However, counsel would not receive the twenty-five percent amount if the award is constructed this way as counsel would still be required to refund the EAJA fee to claimant under this arrangement. *Id.* Counsel has submitted documentation recording thirty two and one half hours of attorney time related to the representation of plaintiff before this Court and the Social Security Administration.

Under the circumstances of this case, the Court finds that an award of $18,259.25 yields a reasonable result. This case was a relatively straightforward social security claim, but the time recorded in handling this matter was substantial. Accordingly, plaintiff's counsel is to be paid the full amount of $18,259.25 withheld from plaintiff's past due benefits and is ordered to refund the amount of the EAJA payment, $5,289, and the administrative fee of $982.56, to the claimant in order to comply with *Gisbrecht* and the Social Security Act.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to §406(b)(1) is GRANTED. Upon receipt of the § 406(b) fee, plaintiff's counsel shall reimburse the claimant the $6,271.56 earlier awarded to plaintiff's counsel via the EAJA and the SSI benefits administrative fee.

SO ORDERED.

This the 22 day of May, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE